UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CASE NO. 3:16-cv-809-TBR |
| VS. ) | |
| ) | **NOTICE OF FILING** |
| ESTATE OF ARTHUR GENE McMAHAN, JR., ) | **REGARDING WESTFIELD'S** |
| ESTATE OF MELISSA RENEE DESIMONE ) | **MOTION FOR RELIEF [DN 49]** |
| McMAHAN, ESTATE OF ANTHONY J. REECE, ) | |
| ESTATE OF TAMMY RENEE REECE, ) | |
| A.M. CONTRACTING COMPANY, and ) | |
| ART McMAHAN MUSCLE MOTORSPORTS ) | |
| ) | |
| DEFENDANTS ) | |

*** *** ***

Comes the Plaintiff, Westfield Insurance Company ("Westfield"), by counsel, and, for its Notice of Filing Regarding its Motion for Relief [DN 49], states as follows:

On July 21, 2017, Westfield filed its Motion for Relief [DN 49] from the Court's May 1, 2017 Judgment [DN 48]. The Motion was filed pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6). Even though Westfield cites to Rule 60(b)(3) as a basis for relief, it **does not allege** that any defendants have engaged in unethical or professional misconduct. Westfield has made this clear in subsequent pleadings [DNS 52, 53].

Counsel for the Estate of Arthur McMahan has taken exception to Rule 60(b)(3) as a proper basis for relief because it believes that an allegation under that Rule requires or equates to "deliberate" conduct that is unethical or professional misconduct. Consequently, the Estate of Arthur McMahan has requested Westfield to remove Rule 60(b)(3) as one of the basis of its Motion for Relief. Westfield disagrees with the Estate of Arthur McMahan's interpretation of intentional and deliberate. The Estate of Arthur McMahan only objects to the use of Rule 60(b)(3) as a bases for its Motion, not the argument presented in conjunction with the Rule 60(b)(3).

As a result, to avoid any unintentional accusation of unethical or unprofessional conduct,

Westfield withdraws Rule 60(b)(3) as a basis for the Motion for Relief. As the Estate of Arthur McMahan does not object to any of the arguments presented under Rule 60(b)(3), Westfield respectfully requests the Court to retain and construe any argument that was associated with Rule 60(b)(3) under Westfield's argument pursuant to 60(b)(6).

Respectfully submitted,

WALTERS MEADOWS RICHARDSON, PLLC

/s/ Gary W. Thompson
John W. Walters
Elizabeth M. Bass
Gary W. Thompson
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
gary@wmrdefense.com
Telephone:    (859) 219-9090
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Gary W. Thompson
COUNSEL FOR PLAINTIFF

7202.005350C:\NRPortbl\Golden_and_Walters\NICOLE\677168_2.docx